WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-203-RJC

| | |
|---|---|
| MARVIN W. MILLSAPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| GARRY FRANKS, District Attorney 22A, 22B, ) | **ORDER** |
| ALAN MARTIN, Assistant District Attorney, ) | |
| VICKIE JENKINS, Court-Appointed Counsel, ) | |
| MARK KLASS, Superior Resident Judge, ) | |
| Davidson County, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 1-1). Having conducted an initial review of the Complaint as required by 28 U.S.C. § 1915, the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis, and the Court will dismiss this action with prejudice.

**I.    FACTS**

On December 18, 2012, pro se Plaintiff Marvin Millsaps, a state court inmate currently incarcerated at Albemarle Correctional Institution in Badin, North Carolina, filed the instant Complaint pursuant to 42 U.S.C. § 1983. The North Carolina Department of Public Safety records show that Plaintiff was convicted in Iredell County, North Carolina, on August 16, 2011, of possession of a firearm by a felon and of being a habitual felon. Plaintiff is serving a sentence of seven years and four months.

Plaintiff has named as Defendants in this lawsuit Garry Franks, Alan Martin, Vickie

-1-

Case 5:12-cv-00203-RJC   Document 4   Filed 01/15/13   Page 1 of 7

Jenkins, and Mark Klass. The allegations in Plaintiff's Complaint arise out of state criminal charges brought against Plaintiff in 2002 for the sell and delivery of cocaine, and Plaintiff's subsequent conviction on those charges. At all relevant times, Defendants Garry Franks and Alan Martin are alleged to have served as the district attorney and the assistant district attorney, respectively, for North Carolina's Prosecutorial Districts 22A and 22B. Plaintiff appears to allege that the Honorable Judge Klass served as the presiding judge over Plaintiff's criminal trial. Defendant Jenkins is alleged to have served as Plaintiff's court-appointed attorney. Plaintiff alleges in the Complaint:

> On April 15, 2002, District court dismissal 90-98 conspired to delivery cocaine with Yvonne Lane which include Schedule II 90-95. Garry Franks transfer sell cocaine to superior court. 5.29.2002. On 7,1,2002, Garry Franks went in front Judge Mark Klass an got bill indictment a secret indictment that was disclose by the clerk until I was arrested on 7,30,2002. On 5,23,2002, court appointed counsel acted in concert with asst. D.A. Alan Martin to plea to disinportionate. Grossly, detect sell cocaine Class G Level 5 presumptive range 17 to 21 months. The lawyers stipulate I was prior Level 4 presumptive range 16 to 20 months. Prior level worksheet shows, I was level 3.8 points for sentencing 13 to 16 months. On 10.26.2004, Judge Klass amended the 17 to 21 months to 13 to 16 months 13 days before, I was release from prison. I serve the 17 to 21 months. Non 90-95(A) state violation, sell, delivery, possession of Schedule II is Class H felony not Class G felony. The court sentence me under the wrong provision of law.1

(Doc. No. 1 at 4). Plaintiff alleges that he was falsely imprisoned, and he seeks $2.5 million in compensatory damages and $1.4 million in punitive damages. (Id. at 5).

The Court first addresses Plaintiff's Motion to Proceed in Forma Pauperis. In support of the motion, Plaintiff has submitted his inmate trust account statement, which shows that as of December 17, 2012, Plaintiff had a balance of $0.00 in his account. See (Doc. No. 2 at 1). Because Plaintiff lacks sufficient funds with which to pay the filing fee, the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis.

---

1 Grammatical and misspelling errors are in the original.

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.     DISCUSSION

### A.     Heck v. Humphrey

The Court first finds that Plaintiff's Section 1983 action appears to be barred by the principles announced in Heck v. Humphrey, 512 U.S. 477, 486 (1994). In Heck, the U.S. Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." See also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (noting that Heck applies regardless of the type of relief sought). Thus, the Court must consider whether a judgment in Plaintiff's favor in this action would necessarily imply the invalidity of his conviction. If it would, the Court must dismiss the Complaint unless Plaintiff can demonstrate that the conviction has already been favorably terminated. Heck, 512 U.S. at 487.

It appears that success on Plaintiff's claims would imply the invalidity of Plaintiff's underlying conviction, as he alleges in the Complaint that he was falsely imprisoned on the 2002 charges against him. Therefore, it appears that Plaintiff's Complaint is Heck-barred.

### B. Defendants Franks, Martin, and Klass

Even if the Complaint is not Heck-barred, Plaintiff's Section 1983 action must nevertheless be dismissed on the merits. First, as prosecutors, Defendants Assistant District Attorney Martin and District Attorney Franks enjoy prosecutorial immunity from suit. In Imbler v. Pachtman, the Supreme Court held "that in initiating a prosecution and in presenting the States's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. 409, 430 (1976). The Imbler Court "explained that prosecutors should be afforded absolute immunity when their 'activities were intimately associated with the judicial phase of the criminal process.'" Nivens v. Gilchrist, 444 F.3d 237, 250 (4th Cir. 2006) (quoting Imbler, 424 U.S. at 430).

Plaintiff does not allege in the Complaint that Defendants Martin and Franks were acting outside the scope of their traditional duties as prosecutors. Indeed, Plaintiff's allegations simply fail to raise any question but that Defendants Martin and Franks were acting within the realm of their "traditional prosecutorial duties." Nivens, 444 F.3d at 250. Therefore, Defendants Martin

-4-

Case 5:12-cv-00203-RJC   Document 4   Filed 01/15/13   Page 4 of 7

and Franks are entitled to absolute prosecutorial immunity.[2]

Similarly, Plaintiff's claims against Defendant Judge Klass must be dismissed because Judge Klass is entitled to absolute judicial immunity, as he was acting fully within his judicial capacity when he committed the alleged constitutional violations against Plaintiff. See Imbler, 424 U.S. at 419 (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted); Jackson v. Houck, 181 Fed. Appx. 372, 373 (4th Cir. 2006) (The doctrine of judicial immunity "attaches even if the act in question was in excess of [the judge's] authority.") (citing Mireles v. Waco, 502 U.S. 9, 12-13 (1991)); Imbler, 424 U.S. at 431.

### C. Plaintiff's Court-Appointed Counsel Defendant Jenkins

Finally, as to Plaintiff's claims against court-appointed counsel Vickie Jenkins, Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. As its language indicates, Section 1983 applies only to persons acting under color of state law. It is well settled that a private attorney is not a person acting under color of

---

[2] To the extent that Plaintiff is seeking money damages against Franks and Martin in their official capacities, as state officials they are entitled to Eleventh Amendment sovereign immunity. See Nivens v. Gilchrist, 444 F.3d 237, 248 (4th Cir. 2006) (claims against district attorney in his official capacity were barred by the Eleventh Amendment and in his individual capacity by the doctrine of prosecutorial immunity).

state law and, thus, cannot be held liable under § 1983. See <u>Bryant v. N.C. Prisoner Legal Servs. Inc.</u>, 1 F.3d 1232 (4th Cir. 1993) (unpublished table decision) ("NCPLS and its attorneys are not state actors amenable to suit under 42 U.S.C. § 1983."); see also <u>Polk County v. Dodson</u>, 454 U.S. 312, 318 (1981) (stating that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"). Thus, Plaintiff's claims against Defendant Jenkins are dismissed.

## IV.  CONCLUSION

Having conducted a preliminary review of the Complaint in accordance with 28 U.S.C. § 1915(e)(2), the Court finds that Defendants Franks and Martin enjoy prosecutorial immunity, Defendant Klass enjoys judicial immunity, and Defendant Jenkins is not subject to suit in a Section 1983 action. Therefore, Plaintiff's claims against Defendants must be dismissed for failure to state a claim. Even if the Court were not dismissing Plaintiff's claims on the merits, this Section 1983 action nevertheless appears to be barred by <u>Heck</u>.[3]

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 1-1), is **GRANTED** for the limited purpose of this initial review.

(2) The Court dismisses with prejudice Plaintiff's claims for failure to state a claim. The Clerk is instructed to terminate this case.

(3) The Clerk is instructed to note on the docket report that dismissal of this case counts as a strike for purposes of 28 U.S.C. § 1915(g).

---

[3] Dismissal under <u>Heck</u> is without prejudice so that a Section 1983 can refile his claims once he can show that his conviction has been invalidated. Here, however, regardless of whether Plaintiff's conviction is later invalidated, Plaintiff still has no claims against the named Defendants on the merits for the reasons stated herein. Thus, the Court is dismissing Plaintiff's claims with prejudice.

-6-

Case 5:12-cv-00203-RJC   Document 4   Filed 01/15/13   Page 6 of 7

Signed: January 15, 2013

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge